UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**Feed Management Systems, Inc.**,

    Plaintiff

v.                                                                    **MEMORANDUM OF LAW & ORDER**
                                                                           Civil No. 06-4126

**Robert J. Brill,**
**Brilliant Alternatives, Inc.,**
**Ketron Optimization, LLC, and**
**The Bionics Corporation**,

    Defendants

---

    Roseanne J. Bour and Richard G. Morgan, Bowman & Brooke, LLP, for and on behalf of Feed Management Systems, Inc.

    Samuel T. Brannan and Daniel I. MacIntyre, Page Perry, LLC, for and on behalf of Robert J. Brill, Brilliant Alternatives, Inc., Ketron Optimization, LLC, and The Bionetics Corporation.

---

## I.  INTRODUCTION

This matter is before the Court on Defendants' motion to dismiss Plaintiff's counterclaims-in-reply. For the following reasons, the Court DENIES Defendants' motion to dismiss.

## II.  BACKGROUND

Plaintiff brought this lawsuit against Defendants claiming breach of contract, tortious interference with a contract, promissory estoppel, equitable estoppel, and seeking a declaratory judgment. Plaintiff served its Amended Complaint on November 6, 2006. Defendants served their Answer and Counterclaims on November 21, 2006, which

1

did not include a counterclaim for trademark infringement.  On January 4, 2007, Magistrate Judge Susan R. Nelson set the deadline for submitting motions to amend the pleadings as May 15, 2007.  Defendants filed a motion to amend their answer on May 15, 2007, which was granted by this Court.  Defendant served its Amended Answer and Amended Counterclaim on May 30, 2007, which included a counterclaim for trademark infringement of the mark "Brilliant."  Defendants' counterclaim alleges that Plaintiff held itself out to be a "source for Brill Products" and "derivative products of Brill."  Plaintiff served its Answer, which included "counterclaims-in-reply" to Defendant's Amended Counterclaims, on June 19, 2007.  Plaintiff's counterclaim-in-reply alleges, *inter alia*, infringement of several trademarks, including registered trademarks "BRILL," "BRILL FORMULATION," and the "BRILL" logo.  Defendants subsequently filed a motion to dismiss the Plaintiff's counterclaims-in-reply on the grounds that a counterclaim-in-reply is an improper pleading.

Defendants argue that a counterclaim-in-reply is not permitted under Federal Rules of Civil Procedure 7(a)[1] and that no court in Minnesota or the Eighth Circuit has acknowledged the existence of such a pleading.  The Plaintiff argues that courts, including the District of Minnesota, have allowed plaintiffs to file counterclaims-in-reply when such counterclaims are compulsory and in response to permissive counterclaims filed by defendants.

---

[1] Fed. R. Civ. P. 7(a) ("There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint . . . and a third party answer.  No other pleading shall be allowed, except that the court may order a reply to an answer or a third party answer.").

**III.     ANALYSIS**

A counterclaim-in-reply is a permissible pleading when it is a compulsory reply to a permissive counterclaim. Weitz Co. v. MH Wash., LLC, No. 06-0559-CV-W-NKL, 2007 WL 1658677, at *1–2 (W.D. Mo. June 5, 2007) (citing Joseph Bancroft & Sons Co. v. M. Lowenstein & Sons, Inc., 50 F.R.D. 415 (D. Del. 1970); Ivey v. Daus, 17 F.R.D. 319, 321 (S.D.N.Y. 1955)). In Weitz, the defendant moved to dismiss the plaintiff's counterclaim on the ground that "a counterclaim in reply to a counterclaim is not an authorized pleading." Id. at *1 (internal quotations omitted). The court held that the "weight of authority" favored the plaintiff, noting that it was "particularly important to permit a reply in this case because [the plaintiff had] raised . . . a compulsory counterclaim to [the defendant's] counterclaim." Id. at *2. The court deemed the plaintiff's counterclaim-in-reply as compulsory because it was "directly related to the specific allegations raised" in the defendant's counterclaim. Thus, this Court will permit a counterclaim-in-reply as a proper pleading if it is a compulsory reply to a permissive counterclaim.

**A.  DEFENDANTS' COUNTERCLAIMS ARE PERMISSIVE**

In deciding whether the Court should permit a counterclaim-in-reply pleading, the Court must first decide whether the counterclaims asserted by Defendants are permissive or compulsory. If the Court determines that the counterclaims are permissive, it must then determine whether the counterclaims-in-reply are compulsory. If the counterclaims are permissive and the counterclaims-in-reply are compulsory, then the Court may treat the counterclaims-in-reply as permissible pleadings.

A compulsory counterclaim is one that arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim. Fed. R. Civ. P. 13(a). The Eighth Circuit articulated four tests for determining whether a counterclaim arises out of the same transaction or occurrence. Minnetonka, Inc. v. Sani-Fresh Int'l, Inc., 103 F.R.D. 377, 379 (8th Cir. 1984). First, are "the issues of fact and law raised by the claim and counterclaim largely the same?" Id. Second, "[w]ould res judicata bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule?" Id. Third, "[w]ill substantially the same evidence support or refute plaintiff's claim as well as defendant's counterclaim?" Id. And fourth, "[i]s there any logical relation between the claim and the counterclaim?" Id. A positive response to any of these questions "means that the counterclaim is compulsory." Id.

1. Same issues of fact and law and substantially the same evidence

Plaintiff's amended complaint alleges, *inter alia*, breach of contract and tortious interference with a contract. Defendants' amended counterclaims allege, *inter alia*, trademark infringement. The issues of fact and law surrounding contract claims are not largely the same as those surrounding trademark infringement. To prove trademark infringement under the Lanham Act, codified at 15 U.S.C. §§ 1114, 1125(a)(1), Defendant would have to show that (1) it has a valid mark that is entitled to protection; and (2) the accused infringer is using the mark without consent, in commerce, so that it creates a likelihood of confusion. 1-800 Contacts, Inc. v. WhenU.com, Inc., 414 F.3d 400, 406–07 (2d. Cir. 2005). These elements are different from the elements required to show breach of contract and tortious interference.

A related inquiry is whether substantially the same evidence would support or refute plaintiff's claim as well as defendant's counterclaim. The evidence to support or refute the contract claims will be different from the evidence required to support or refute the trademark claims. In <u>Kuster Labs. v. Lee</u>, 10 F.R.D. 350, 351 (N.D. Cal. 1950), the court determined a similar issue. There, the plaintiff sued for trademark infringement, and the defendant counterclaimed for damages for the "alleged breach of a distributorship agreement." <u>Id.</u> The plaintiff moved to dismiss the defendant's counterclaim on the ground that it was not a compulsory counterclaim, and would require independent jurisdictional basis. <u>Id.</u> The court held that "[i]t is patent that the claim and counterclaim do not arise out of the same transaction or the same occurrence" and that "[e]ach must be established by distinct proofs." <u>Id.</u> Here, the breach of contract claim is the initial complaint, and the counterclaim is trademark infringement. Following the language of the <u>Kuster</u> court, the two causes of action do not arise out of the same transaction or occurrence and would not require substantially the same evidence.

2. Res judicata

The second question posed by the Eighth Circuit is whether the defendants would be barred from bringing the counterclaim in a later suit by res judicata absent the compulsory counterclaim rule. The application of res judicata is an "issue of substantive law requiring application of state law in diversity actions."[2] <u>Schieffler v. Fin. Servs. Ins. Co.</u>, 39 F.3d 181, 186 (8th Cir. 1994). The Minnesota Supreme Court applies the

---

[2] This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) for complete diversity of the parties and the amount in controversy exceeds $75,000.

doctrine of res judicata to preclude parties from raising subsequent claims in a second action when: "(1) the earlier claim involved the same set of facts and circumstances; (2) the earlier claim involved the same parties or their privities; (3) there was a final judgment on the merits; [and] (4) the estopped party had a full and fair opportunity to litigate the matter."  Brown-Wilbert, Inc. v. Copeland Buhl & Co., P.L.L.P., 732 N.W.2d 209, 220 (Minn. 2007) (internal quotations omitted).  Absent the compulsory counterclaims rule, res judicata would not bar Defendants from bringing the trademark infringement cause of action in a second suit.  Defendants' original counterclaims involved a different set of facts and circumstances as their trademark infringement claims.

   3.  Logical relationship test

The final inquiry is whether there is a logical relationship between the claim and the counterclaim.  The logical relationship test considers whether the claim and the counterclaim arise "'out of the same aggregate of operative facts [in the sense] that the same aggregate of operative facts serves as the basis of both claims.'"  Fox Chem. Co. v. Amsoil, Inc., 445 F. Supp. 1355, 1361 (D. Minn. 1979) (quoting Revere Copper & Brass, Inc. v. Aetna Cas. & Sur. Co., 426 F.2d 709, 715 (5th Cir. 1970)); see also Popp Telecom v. Am. Sharecom, Inc., 210 F.3d 928, 941 (8th Cir. 2000) (citing Fox Chem. Co., 445 F. Supp. at 1361).  On its face, a trademark claim would not arise out of the same aggregate of operative facts as a breach of contract claim.  In sum, the defendants' counterclaims for trademark infringement are permissive because they fail the compulsory counterclaim tests articulated by the Eighth Circuit.

### B. PLAINTIFF'S COUNTERCLAIMS-IN-REPLY ARE COMPULSORY

Plaintiff's trademark counterclaims-in-reply satisfies the Eighth Circuit's test and are compulsory.  Defendants' counterclaims allege, *inter alia*, infringement of the trademark "Brilliant."  Defendants' counterclaim further alleges that Plaintiff held itself out to be a "source for Brill Products" and "derivative products of Brill."  Plaintiff's counterclaim-in-reply alleges, *inter alia*, infringement of several trademarks, including registered trademarks "BRILL," "BRILL FORMULATION," and the "BRILL" logo.  Even though the claims are not identical, they are largely the same.  Both sets of trademark claims require an analysis of the same law and facts, namely the facts involved in an analysis of the Lanham Act and common law unfair competition.  There is also a logical relationship between the trademark claims.  Judicial economy and efficiency are served by adjudicating both sets of trademark claims in the same trial, more so than in the piecemeal litigation of these claims in separate trials.  These factors are sufficient to find Plaintiff's trademark counterclaims-in-reply to be compulsory.

In summary, Defendants' counterclaims are permissive, and Plaintiff's counterclaims are compulsory.  Thus, Plaintiff is permitted to plead a counterclaim-in-reply.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

Defendants' motion to dismiss Plaintiff's counterclaims-in-reply [Doc. No. 35] is **DENIED**.

Dated: October 30, 2007                                       s / Michael J. Davis
                                                                              Michael J. Davis
                                                                              United States District Court